## Ezra P. Titzell, Plff. in Err., *v.* Thomas P. Cochran.

A devise to T., without words of limitation, "and if he should die leaving no lawful heirs the whole to descend to his brothers and sisters share and share alike or to their legal representatives," vests a fee tail in T.

A tenant in tail who in due form executes, acknowledges and, on motion in open court, records, under the act of January 16, 1799, a deed to bar the entail, may by reconveyance from his grantee acquire the land in fee simple.

(Argued May 11, 1887.  Decided May 23, 1887.)

July Term, 1887, No. 39, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.  Error to the Common Pleas of Perry County to review a judgment for the plaintiff in a case stated.  Affirmed.

The following facts were agreed upon by the parties, in the nature of a special verdict, as if found by the jury, for the opinion of the court.

Thomas Cochran, who was the father of the plaintiff, Thomas P. Cochran, being the owner in fee simple of the land hereinafter mentioned and described, on the 2d day of May, 1838, made his last will and testament, which after testator's death was duly probated February 19, 1846.  *Inter alia,* said will de-

NOTE.—This decision was based upon the fourth item of the will.  In a subsequent proceeding it was insisted that if the whole be taken together, the result should be different.  The supreme court, however, reaffirmed its ruling.  Cochran v. Cochran, 127 Pa. 486, 17 Atl. 981.  That the entail may be so barred is also recognized in Ralston v. Truesdell, 178 Pa. 429, 35 Atl. 813, and Linn v. Alexander, 59 Pa. 43.  Had the testator died subsequent to the passage of the act of April 27, 1855 (P. L. 368), the estate in fee tail created by the will would have been taken and construed as an estate in fee simple, but the act was not retroactive in its effect.  Karchner v. Hoy, 151 Pa. 383, 25 Atl. 20.  It does apply, however, to a will executed before, where the testator died subsequently.  Price v. Taylor, 28 Pa. 95, 70 Am. Dec. 105.

vised real estate to said Thomas P. Cochran as follows, *in hœc verba:*

"Fourthly: I do give, bequeath, and devise to my son Thomas Preston Cochran my farm in Pfoutz's valley, with all its buildings and improvements, containing 152 acres, more or less, also the hill tract bought at sheriff's sale, as the property of Daniel Huffman, deces'd, containing about 200 acres more or less, with all the improvements thereon: also my dwelling house in Millerstown at the death of his mother, it being on the east side of the Main street, & the four lots attached to the same on the east side of the Main street, in said Millerstown, Perry county; and if he should die, leaving no lawful heirs, the whole to descend to his brothers & sisters, share & share alike, or to their legal representatives."

On the 22d day of March, 1887, the above devisee and plaintiff, Thomas Preston Cochran, executed the following deed together with his wife, Hannah M. Cochran, to Ezra P. Titzell,— to wit:

*This indenture,* Made March 22, A. D. 1887, between Thomas P. Cochran and Hannah M. Cochran, his wife, of the borough of Millerstown, Perry County, Penna., of the first part: and Ezra P. Titzell of the same place of the second part:

"*Whereas,* The tract of land hereinafter described, and hereby conveyed, was duly devised to the said Thomas P. Cochran, by the last will and testament of his late father, Thomas Cochran of Millerstown, aforesaid, which was duly probated on the 19th day of February, 1846 (see Will Book 'B,' page 204) in such manner as to create an estate tail by implication, instead of a fee simple: *Now then this Indenture Witnesseth,* That the said Thomas P. Cochran and Hannah M., his wife, for and in consideration of the sum of $10 as hereinafter set forth as duly paid to them, by the party of the second part, and for the purpose of barring, debarring, and destroying, and with the intention hereby to bar, debar, and destroy all estates tail, possession, remainder or reversion that the said Thomas P. Cochran, or his heirs, or the heirs of his body, in his or their right, have or are entitled to have, now or hereafter, or any right which the brothers and sisters of the said Thomas P. Cochran, or their legal representatives have, or may be entitled to have, as remainder-men under the will of the said Thomas Cochran, dec'd,

to, and in, all and singular, the lands and tenements, real estate and premises, hereinafter described and conveyed and mentioned; and in pursuance, and by virtue of an Act of Assembly of said State of Pennsylvania, in such case made and provided, entitled 'An Act to Facilitate the Barring of Entails,' have and do hereby grant as follows, to wit: *Now this Indenture Witnesseth,* That the said Thomas P. Cochran and Hannah M. Cochran, his wife, for the purpose of barring and cutting off the issue in tail of the said Thomas P. Cochran and the remainders and reversions, as before expressed in this Indenture at length, and for and in consideration of the sum of $10, lawful money, etc., to them well and truly paid by the said Ezra P. Titzell, etc., the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, released, and confirmed, and by these presents do grant, bargain, sell, alien, release, and confirm unto the said Ezra P. Titzell, his heirs and assigns in fee simple, the following tract of land, to wit: a tract of land situated in Greenwood Township, Perry County, Pennsylvania, bounded and described as follows, to wit: Beginning at —— —— on line of land formerly owned by J. Gallaher, and now belonging to the Adams Estate: S. 24, E. 55 p. to a black oak; thence by said Adams Estate lands S. 42, E. 63 p. to a post on Cockalamus Creek; thence by other lands of grantor up said creek 240 perches to an elm; thence by other lands of grantor (formerly John Gallaher's) N. 25, W. 116 perches to a pine; thence by lands of Reading Iron Co., and lands of Robert P. Cochran, S. 56½, W. 248 perches to the place of beginning, containing 152 acres, more or less, being part of same lands surveyed 15 April, 1767, in pursuance of an order No. 828, dated 9th August, 1766, for 200 acres, etc., and being part of the same lands devised to the said Thomas P. Cochran, by the will of his father, Thomas Cochran, before referred to.

"Together with all and singular the improvements, ways, waters, water courses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the reversions, rents, issues and profits thereof; and also all the estate, right, title, interest, use, trust, property, possession, claim, and demand whatsoever of them, the said Thomas P. Cochran and Hannah M. Cochran, in law, equity or otherwise, of, in, to, or out of the same:

"To have and to hold the said described 152 acres of land,

hereditaments and premises hereby granted or released, or mentioned, and intended so to be, with the appurtenances unto the said Ezra P. Titzell, his heirs, to and for the only proper use and behoof of the said Ezra P. Titzell, his heirs and assigns forever.

(Then follows a special warranty by grantor to grantee.)

"*In witness whereof,* The said Thomas P. Cochran and Hannah M. his wife hereunto set their hands and seals, the day and year first above written.

|  |  |
|---|---|
| Sealed and delivered in the presence of A. Fred Keim. | Thos. P. Cochran. [Seal.] H. M. Cochran. [Seal.] |

Then follows the receipt for the purchase money, and the usual acknowledgment. by grantors, for husband and wife with separate examination of the wife, etc., taken before A. Fred Keim, a justice of the peace in and for Perry county, Pennsylvania, on March 22, 1887.

On March 25, 1887, a motion was made in the open court of common pleas of Perry county, Pennsylvania, by B. F. Junkin, an attorney of said court; and on the same day the following entry made on the appearance docket of said court (Book "H," vol. 2, p. 140) and also the same entry and record was made on sheriff's deed docket "C," page 93, of said court,—to wit:

| | |
|---|---|
| *In Re* the matter of barring the entail in Thomas P. Cochran, in certain real estate situated in Greenwood Township, Perry County, Pennsylvania. | In the Court of Common Pleas of Perry County. |
| Thomas P. Cochran and Hannah M. Cochran his wife, to Ezra P. Titzell. | Deed to bar entail. |

"*And now, to wit,* 25th day of March, A. D. 1887, B. F. Junkin, Esq., an attorney of this court, produces in open court a deed indented, bearing date the 22d day of March, 1887, between Thomas P. Cochran and Hannah M. Cochran his wife, of the first part, and Ezra P. Titzell, all of the County of Perry, of the second part, for conveying unto the said Ezra P. Titzell,

his heirs and assigns of the second part, as well in consideration of the sum of $10 as for the purpose of barring and destroying all estates tail of the said Thomas P. Cochran and Hannah M. his wife, and all remainders and reversions, which the brothers and sisters or their representatives have or may be entitled to have, under the last will and testament of Thomas Cochran, deceased, by whom the lands hereinafter mentioned were devised to the said Thomas P. Cochran, in the premises, to wit: all that tract of land situated in Greenwood Township, Perry County, Pennsylvania, Beginning at —— on line of lands formerly Gallaher's and now belonging to the Adams Estate, S. 24, E. 55 perches to black oak; thence still by said Adams Estate lands S. 42, E. 63 perches to post on Cockalamus Creek; thence by other lands of grantor up said creek, 240 perches to an elm; thence by other lands of grantor, and formerly John Gallaher's, N. 25, W. 116 perches to a pine; thence by lands of Reading Iron Co., and Robert P. Cochran, S. 56½, W. 248 perches to place of beginning, containing 152 acres, more or less, being part of the same lands surveyed April 15, 1767, in pursuance of an order No. 828, dated August 9, 1766, for 200 acres, and part of the same lands devised to the said Thomas P. Cochran, by the will of his father, Thomas Cochran, before referred to, was subject, etc., by which indenture it is fully declared to be the intention of the said grantors to bar, defeat, and destroy all estates tail of Thomas P. Cochran and Hannah M. his wife in the aforesaid premises."

And on motion of B. F. Junkin, an attorney of said court, the same was ordered by the court to be entered among the records thereof, in the manner commonly used with respect to sheriff's deeds, according to the provisions of the act of assembly relating thereto, entitled "An Act to Facilitate the Barring of Entails;" which is accordingly done.

By the Court:

The foregoing deed by Thomas P. Cochran and wife to said Ezra P. Titzell, dated March 22, 1887, was duly recorded in the office for recording of deeds, in and for the said county of Perry, Pennsylvania, on the 25th day of March, 1887, in Book "U," No. 2, page 401.

After the said Thomas P. Cochran and wife had executed, acknowledged, and delivered the said deed on the 22d day of

March, 1887, to the said Ezra P. Titzell, the said Titzell and Jane G. Titzell, his wife, did on the said 22d day of March, 1887, reconvey the said tract of land back to the said Thomas P. Cochran in fee simple, by a deed duly executed, acknowledged, and delivered, with the proper acknowledgments for barring the dower of the said Jane G. Titzell, wife of the said Ezra P. Titzell, which last deed was also duly recorded in the said recorder's office of said county, on the 25th of March, 1887, in Book "U," No. 2, page 403.

On the 7th day of April, 1887, the said Thomas P. Cochran by articles of agreement in writing sold the real estate mentioned in the foregoing deeds to Ezra P. Titzell; and the said Titzell declines to accept the conveyance of said Cochran and wife, because he does not know that the said Cochran can, by their conveyance, make to him a complete and out and out title, for the said lands in fee simple, which the said Cochran, by his agreement of sale is bound to do.

The questions for the court are:

First: Did Thomas P. Cochran, under the devise in his father's will (before recited), take an estate in fee simple in the 152-acre tract, in said will mentioned, because that is the tract which the said Thomas P. Cochran has sold to the said Ezra P. Titzell?

Second: If the title is not a fee simple by the terms of the devise aforesaid, is it a fee tail by implication? And if a fee tail, is it well barred by the proceedings recited in this case stated, so as to cut off the devise over to the brothers and sisters, or their legal representatives; whether it be a remainder, or executory devise, and whether the latter is void for remoteness or not?

If the court is of the opinion that Thomas P. Cochran and wife can, by their conveyance in due form, give a fee simple to the said Titzell for the said 152 acres of land, then it will enter judgment for the plaintiff against defendant for $1 without costs.

If the court is of opinion that said Cochran cannot convey to said Titzell an out and out title in fee simple for the said 152 acres of land, then it will enter a general judgment for the defendant, with costs of suit.

And it is agreed that either party to this case stated may sue

out a writ of error to the judgment of the court, to the supreme court of Pennsylvania, without oath or bail.

Upon entering judgment for the plaintiff in the court below, BARNETT, P. J., filed the following opinion:

Under the act of April 8, 1833, words of inheritance are not required in a devise in order to pass more than a life estate; and it is plain that this testator does not create merely a life estate in his son Thomas, because he provides for the case of the latter's dying without leaving lawful heirs; but he makes no provision in case he should leave lawful heirs; such heirs therefore would succeed to an estate of inheritance.

By "lawful heirs" we think the testator meant lineal heirs, or issue; because he excludes the brothers and sisters of the devisee. Thus, he devises to his son Thomas, and, if he should die without leaving issue, then to the brothers and sisters of the devisee or their legal representatives. This we think creates a fee tail in Thomas. Eichelberger v. Barnitz, 9 Watts, 447; Covert v. Robinson, 46 Pa. 274; Kleppner v. Laverty, 70 Pa. 70.

Whether the devise over is a remainder or an executory devise (although of opinion it is the former) it is not necessary to the judgment in this case to decide; because in either case it is barred or cut off by the deed of March 22, 1887. Linn v. Alexander, 59 Pa. 43; Taylor v. Taylor, 63 Pa. 481, 3 Am. Rep. 565.

Therefore, being of opinion that the plaintiff and his wife can convey in fee simple to the defendant, judgment is hereby entered in favor of the plaintiff against the defendant for $1 without costs.

The assignment of error specified the action of the court in entering judgment for the plaintiff on the case stated.

*J. E. Junkin* and *J. L. Markel,* for plaintiff in error.—We cannot show by authority that the court below erred in entering judgment for plaintiff; and as the purpose of the case stated was to determine the ability of the plaintiff to make a good title in fee simple to the defendant, we are satisfied if the court can affirm the judgment.

*B. F. Junkin,* for defendant in error.—It is clear that tes-

tator. intended to create an estate of inheritance in his son Thomas, because:

He does not limit the estate for the life of the devisee.

He indicates the line of succession to be the heirs of the devisee, a term so indicative of a fee simple that it has to be pared down to the sense of issue to defeat alienation, and preserve the estate for the issue; and this the law does by treating the interest of the devisee as an estate tail, which is the lowest type of an estate of inheritance.

And the line of succession did not exist when the will of the de-visor was made, the only way to preserve the inheritance for the issue of the devisee was to create an estate tail, i. e., an estate transmissible by descent.

The general character of the devise, under § 9, act of April 8, 1833 (Brightly's Purdon's Digest, pl. 10, p. 1711), carried a fee, without words of inheritance; and it is only the "devise over" that cuts the estate down to a fee tail.

It is not a base or conditional fee, so that leaving issue at his death would make it a fee simple (as in Eby v. Eby, 5 Pa. 461), but the statute de donis converts it into a fee tail. Eby v. Eby is sui generis.

As to the devise over to the brothers and sisters or their repre-sentatives, this is a remainder, and not an executory devise, because testator, having only created an estate tail in his son Thomas P., still has the fee simple to dispose of, and this by way of remainder; there is no fee to be substituted for a precedent contingent fee, but a surplus or remainder only. And it is contingent as to its ever taking effect, depending on the failure of issue of Thomas P., an event which is dubious and uncertain. Fearne, Contingent Remainders, ed. of 1791, p. 328.

But if an executory devise, it is too remote, and (if the deci-sions are correct) is barred even as an executory devise by the deed docking the entail.

The court can insure this title because the interest of Thomas P. Cochran is not less than a fee tail, and that has been duly docked.


PER CURIAM:

The learned judge committed no error in entering judgment in favor of the plaintiff below on the case stated.

Judgment affirmed.